97 P.3d 1021

STATE of Idaho, Plaintiff–Respondent,

v.

Steven Edward THOMAS,
Defendant–Appellant.

No. 29018.

Court of Appeals of Idaho.

May 19, 2004.

Review Denied Sept. 17, 2004.

Molly J. Huskey, State Appellate Public Defender; Paul S. Sonenberg, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

Steven Edward Thomas appeals from his judgment of conviction entered after being found guilty by a jury of arson in the first degree. Thomas argues that the district court erred in instructing the jury on the *corpus delicti* rule. Thomas also argues that the district court abused its discretion in imposing sentence, and in denying relief under Idaho Criminal Rule 35. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 6, 2002, a fire broke out in a mobile home in Boise, Idaho. A fire investigator determined that the fire was not caused by a smoldering cigarette, candles, the hot water heater or any light fixtures. Thomas was the tenant living in the mobile home. A police detective interviewed Thomas, who stated that he had lit some candles by the bed, then left to buy cigarettes. When he returned, the mobile home was on fire. Thomas subsequently stated that he may have smoked a cigarette in bed prior to leaving for the store, and that may have caused the fire.

Police discovered that on the day prior to the fire, Thomas had told an escort service worker whom he had met during the course of her business that he had lost his job and was going to burn the mobile home. The escort told police that Thomas called her the day of the fire and told her that he had burned the mobile home. Police officers obtained permission from the escort to record a conversation between her and Thomas. In this conversation, Thomas stated that he had started the fire with candles on the bed, and did it to obtain insurance proceeds. The conversation took place at the home of the escort, and was overheard by a police detective.

Thomas was charged by information with one count of arson in the first degree, a felony violation of Idaho Code § 18–802. At trial, Thomas testified that he did not deliberately burn the home down, and that he had lied to the escort about intending to burn the home for insurance money in an effort to impress her. Thomas testified that he believed that a burning cigarette in the bed or candles near the bed were the cause of the fire. Thomas testified that he had fallen asleep while smoking, prior to going to the store for cigarettes. Thomas had obtained insurance on the residence approximately a month prior to the fire, but never filed a claim for the fire damage.

The jury found Thomas guilty and the district court sentenced Thomas to a unified term of fifteen years, with five years determinate. Thomas was also ordered to pay restitution in the amount of $6,638.50. Thomas subsequently filed a Rule 35 motion for reduction of sentence which the district court denied. Thomas appeals.

## II.

## ANALYSIS

On appeal, Thomas argues that the district court erred in instructing the jury on the *corpus delicti* rule. Thomas also argues that the district court abused its discretion in imposing sentence and in denying relief under Rule 35.

### A. Corpus Delicti

Thomas asserts that the district court erred when it gave a supplemental jury instruction regarding the *corpus delicti* rule. Initially, the jury was given Instruction 8, which states:

The guilt of a defendant may not be established alone by a statement made by him outside of this trial. Before any person may be convicted of a criminal offense, there must be proof, independent of any statement, that the crime in question was committed, but it is not necessary that the independent proof include proof as to identity of the person by whom such offense was committed.

During deliberations, the jury asked the court to clarify this instruction. The district court proposed to the parties a supplemental instruction. The supplemental instruction states:

Concerning instruction number 8, you are instructed that it is only necessary that there be some evidence independent of the defendant's statements that tends to show that the crime in question was committed. It is not necessary that the independent evidence, that is, evidence other than defendant's statements, establish each of the elements of the crime. Nevertheless, before the defendant can be convicted, evidence as a whole, including the defendant's statements, must prove each and every one of the elements beyond a reasonable doubt.

Counsel for Thomas objected to any new instruction and also asked that, if such objection was overruled, the words "before the defendant can be found guilty" be substituted in place of "before the defendant can be convicted." The state argued that clarification was in order, and asked the court to substitute "slight evidence" in place of "some evidence." The court determined supplementation was appropriate, incorporated Thomas's substitution of language, and rejected the state's proposed substitution of language. The supplemental instruction as given to the jury reads, in pertinent part:

1. Concerning Instruction No. 8, you are instructed that it is only necessary that there be some evidence, independent of the defendant's statements, that tends to show that the crime in question was committed. It is not necessary that the independent evidence (that is, evidence other than defendant's statements) establishes each of the elements of the crime.

Nevertheless, before the defendant may be found guilty the evidence as a whole, including the defendant's statements, must prove each and every one of the elements beyond a reasonable doubt.

Thomas argues that the supplemental instruction, using the phrase, "tends to show that the crime in question was committed," reduced the state's burden of proof. The law was correctly stated, he asserts, in the initial instruction which told the jury that "there must be proof, independent of any statement, that the crime in question *was committed.*" (Emphasis added.) We disagree. Thomas acknowledges the standard enunciated in *State v. Keller,* 8 Idaho 699, 70 P. 1051 (1902), which states:

It is also a well-recognized rule that the fact that a crime has been committed cannot be proved by the extrajudicial confessions or statements of the prisoner, and that *there must be some evidence or corroborating circumstances tending to show that a crime has been committed,* aside from such confessions or statements.

*Keller,* 8 Idaho at 704–05, 70 P. at 1051 (citing *People v. Jones,* 31 Cal. 566, 1867 WL 740;[1] Whart. Cr. Ev. (9th Ed.) §§ 632, 633) (emphasis added). Thomas argues, however, that *State v. Urie,* 92 Idaho 71, 437 P.2d 24 (1968), requires that the evidence used to corroborate the confession *must* establish that a crime was committed. The *Urie* Court stated:

This court has frequently held that an extra-judicial confession, standing alone, is not sufficient to convict an accused in the absence of some corroborating circumstances. *State v. Keller,* 8 Idaho 699, 70 P. 1051 (1902). However, slight corroboration will suffice. *State v. Van Vlack,* 57 Idaho 316, 65 P.2d 736 (1937); *State v. Wilson,* 51 Idaho 659, 9 P.2d 497 (1932); *State v. Keller, supra.*

While the evidence adduced at the trial might not be sufficient, in the absence of appellant's extra-judicial confession, to sustain a conviction thereon, it is not necessary to establish independently of the con-

---

**1.** The actual cite for *Jones* is at 565, however, that is not how it was cited in *Keller.*

fession each element of the *corpus delicti*. *State v. Keller, supra*.

*Urie*, 92 Idaho at 73, 437 P.2d at 26. Thomas appears to ground his argument in *Urie's* language which followed stating, "This court finds from its reading of the entire record that there is enough circumstantial evidence to corroborate appellant's confession and establish the commission of the crime." *Urie*, 92 Idaho at 73–74, 437 P.2d at 26–27. The Court in *Urie* made this statement in response to the assignment of error that there was no corroborating evidence at all. We do not read the *Urie* Court's statement as intending to repudiate the "slight corroboration" standard applied in *Keller*. *Urie* cites approvingly to *Keller*, and does not attempt to distinguish *Keller* in any manner. We conclude that the supplemental instruction appropriately incorporated the "slight corroboration" standard.

The Idaho Supreme Court recently clarified the *corpus delicti* rule in *State v. Tiffany*, 139 Idaho 909, 88 P.3d 728 (2004),[2] where the Court stated:

> In summary, since 1902 the law in Idaho has been that while an extrajudicial confession or admission, standing alone, is not sufficient to convict an accused, only slight corroborating facts are necessary to uphold the conviction. The corroborating evidence need not be sufficient to establish each element of the corpus delicti.

*Tiffany* at 734 (citing *State v. Urie*, 92 Idaho 71, 437 P.2d 24 (1968)). We conclude that the requirement of only slight corroboration is the equivalent of requiring proof "tending to show" the commission of a crime, and the district court did not err in giving the supplemental instruction.

## B. Imposition of Sentence

Thomas argues that the district court abused its discretion when it imposed a unified sentence of fifteen years, with five years determinate. Appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct.App.2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and

thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

The district court focused on the seriousness of the crime and Thomas's prior criminal history. The crime occurred in a mobile home park where the trailers are spaced fairly close together. Apparently there were children living in the area. The arson began during the middle of the night when it could spread undetected. The district court commented that the only mitigating factor was that the mobile home was not occupied at the time it was set on fire. Thomas has an extensive criminal history, with six felony and ten misdemeanor convictions. In 1981, Thomas was convicted in Kansas of larceny, kidnapping, rape and sodomy. He received fifteen-year sentences for these crimes. In 1992, Thomas was convicted of three DUIs in Boise, within six months of each other. In early 1993, he was convicted of a felony DUI in Boise, receiving a unified sentence of four and one-half years, with one year determinate. In 1998, he was convicted of petit theft. In August, 1998, Thomas was convicted of a second felony DUI. The arson offense was apparently committed while Thomas was on parole for the 1998 felony DUI.

Thomas asserts that the district court failed to take Thomas's alcohol addiction and

---

2. We note that neither party had the benefit of *Tiffany* when this case was appealed.

desire for treatment into consideration during sentencing. The transcript of the sentencing hearing shows that defense counsel offered this information to the district court. That the court based its sentence on additional factors is not evidence that the court failed to take the alcohol addiction into account. Based on an independent review of the record, we cannot conclude that a unified sentence of fifteen years, with five years determinate, amounts to an abuse of discretion.

## C. Idaho Criminal Rule 35 Relief

 Thomas also argues that the district court abused its discretion in denying relief under Rule 35. In his Rule 35 motion, Thomas asserted that the Idaho Commission of Pardons and Parole conducted a parole violation hearing in his DUI case approximately two weeks after he was sentenced in the arson case. According to Thomas, the Commission revoked his parole in the DUI case and at the same time conducted a parole hearing in the arson case. He asserts that the Commission informed him that he was passed to his full-term release date for the arson, i.e., that he would not again be considered for parole in the arson case.

Although the alleged act of the Commission, conducting a parole hearing in the arson case within days after his conviction for that offense and years before he would become parole eligible, may have been unlawful (*see Acheson v. Klauser*, 139 Idaho 156, 158–59, 75 P.3d 210, 212–13 (Ct.App.2003)), it is not a factor that would compel the trial court to reduce Thomas's sentence. Rather, if Thomas is denied a lawfully conducted parole hearing in this case, he may seek relief through a *habeas corpus* petition. *See id.*

 The relevant factors and standard of review involving a denial of a Rule 35 motion are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct.App. 1991); *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984); *Toohill*, 103 Idaho 565, 650 P.2d 707. If the sentence is found to be reasonable at the time of pronouncement, the defendant must then show that it is excessive in view of the additional information presented with the motion for reduction.

*Hernandez*, 121 Idaho at 117, 822 P.2d at 1014. Having reviewed the record that was before the district court at the time of time of the denial of Thomas's Rule 35 motion, we find no abuse of discretion.

## III.

## CONCLUSION

Based on the foregoing, we conclude the district court did not err in instructing the jury on *corpus delicti*. We further conclude that the district court did not abuse its discretion in imposing sentence and in denying Thomas's Rule 35 motion. Accordingly, Thomas's judgment of conviction and sentence as well as the order denying Rule 35 relief are affirmed.

Chief Judge LANSING and Judge PERRY concur.