185 P.3d 921

**Steven E. THOMAS, Petitioner–
Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 33356.

Court of Appeals of Idaho.

Feb. 28, 2008.

Review Denied June 5, 2008.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant. Robyn A. Fyffe argued.

Hon. Lawrence G. Wasden, Attorney General; Daniel W. Bower, Deputy Attorney General, Boise, for respondent. Daniel W. Bower argued.

PERRY, Judge.

Steven E. Thomas appeals from the district court's order dismissing his application for post-conviction relief following an eviden-tiary hearing. For the reasons set forth below, we affirm.

## I.

### FACTS AND PROCEDURE

In early February 2002, a fire destroyed the interior of Thomas's mobile home. Thomas, who called 911, told investigators that he lit candles upon arriving home from a bar, smoked a cigarette in bed, and later awoke and went to the store to buy more cigarettes. Thomas stated that, when he returned from the store, his home was in flames. A local fire investigator who arrived at the scene that day concluded in his report that the cause of the fire was undetermined.

The day after the fire, a woman from an escort service called the police to inform them that Thomas had admitted to her that he burned his home for insurance proceeds. The escort told the police that, prior to the fire, Thomas had stated that he was going to burn his home to collect insurance proceeds and that Thomas called the day after the fire to tell her that he had gone through with his plan. The escort allowed the police to set up surveillance in her apartment and she invited Thomas over. While at the escort's apartment, Thomas confessed to the escort that he had lit his bedding on fire with candles in order to collect the proceeds from his recently-purchased renter's insurance.

Thomas was charged with first degree arson. I.C. § 18–802. At trial, the escort testified concerning Thomas's confession, and the video from the escort's apartment containing Thomas's confession was played for the jury. The jury found Thomas guilty. Thomas appealed and this Court affirmed his judgment of conviction and sentence. *State v. Thomas,* 140 Idaho 632, 97 P.3d 1021 (Ct.App.2004).

Thomas filed a pro se application for post-conviction relief and a motion for the appointment of counsel. Thomas's motion for post-conviction counsel was granted, and Thomas filed an amended application for post-conviction relief. Thomas's post-conviction applications contained claims of ineffective assistance of both trial and appellate counsel. After an evidentiary hearing at

which Thomas and his trial attorney testified, the district court dismissed Thomas's post-conviction application. Thomas appeals.

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the applicant must prove the allegations by a preponderance of the evidence. I.C. § 19–4907; *Stuart v. State,* 118 Idaho 865, 801 P.2d 1216 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State,* 118 Idaho 65, 794 P.2d 654 (Ct.App.1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State,* 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct.App.1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State,* 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct.App.1992).

## III.

## ANALYSIS

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State,* 121 Idaho 918, 924–25, 828 P.2d 1323, 1329–30 (Ct.App.1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674, 693–94 (1984); *Hassett v. State,* 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App.1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon,* 114 Idaho at 761, 760 P.2d at 1177.

This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State,* 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct.App.1994).

### A.  Ineffective Assistance of Trial Counsel

### 1.  Failure to communicate

Thomas argues his trial counsel was ineffective for failing to communicate with him. At oral argument before this Court, Thomas asserted that the overarching claim in his application for post-conviction relief was a failure by his trial counsel to communicate with him. Thomas asserts that he mailed three letters to his attorney during three consecutive months and never received a response. Thomas's letters requested discovery from his attorney and asked his attorney to file various motions on his behalf. The state asserts that, because Thomas's amended petition does not contain a claim of ineffective assistance of trial counsel for failure to communicate and because that claim is not addressed in the district court's opinion, Thomas is precluded from raising it before this court. *Fox v. State,* 125 Idaho 672, 676–77, 873 P.2d 926, 930–31 (Ct.App.1994) (holding that issues not raised before the district court cannot be raised for the first time before this Court).

For the purpose of this opinion, we will assume that Thomas properly preserved this claim by arguing it before the district court. The Idaho appellate courts have recognized the claim of ineffective assistance of counsel for counsel's failure to communicate. *See, e.g., Parrott v. State,* 117 Idaho 272, 275, 787 P.2d 258, 261 (1990) (holding that summary disposition was appropriate without some indication in the record as to how further consultation might have affected the results at trial); *Jones v. State,* 125 Idaho 294, 297, 870 P.2d 1, 4 (Ct.App.1994) (holding that Jones's application was insufficient because it did not indicate how communication with counsel would have affected trial or how he would have proceeded differently).

Thomas argues that his trial attorney's failure to communicate with him was inconsistent with the standards articulated in both the American Bar Association Criminal Justice Standards and the Idaho Rules of Professional Conduct. However, under the *Strickland* test for ineffective assistance of counsel, even if we assume without deciding that counsel's performance was deficient, Thomas must still demonstrate that this failure to communicate prejudiced his case. Essentially, Thomas's claim is that, if his trial attorney would have communicated with him, the attorney would have interviewed various witnesses, more aggressively cross-examined the escort, hired an investigator, and filed Thomas's motions. Therefore, in order to determine whether counsel's failure to communicate with Thomas prejudiced him, we must evaluate the validity of Thomas's other claims and determine whether they are meritorious.

## 2. Failure to adequately prepare for trial

■ Thomas argues that he received ineffective assistance of trial counsel based on his attorney's failure to adequately prepare for trial and investigate his case. The state counters by arguing that the district court's order is supported by substantial evidence and not based on a misapplication of law, and Thomas has failed to demonstrate otherwise.

■ Determining whether an attorney's pretrial preparation falls below a level of reasonable performance constitutes a question of law, but is essentially premised upon the circumstances surrounding the attorney's investigation. *Gee v. State,* 117 Idaho 107, 110, 785 P.2d 671, 674 (Ct.App.1990). To prevail on a claim that counsel's performance was deficient in failing to interview witnesses, a defendant must establish that the inadequacies complained of would have made a difference in the outcome. *Id.* at 111, 785 P.2d at 675. It is not sufficient merely to allege that counsel may have discovered a weakness in the state's case. *Id.* We will not second-guess trial counsel in the particularities of trial preparation. *Id.*

In this case, Thomas asserts that he received ineffective assistance of counsel because his trial attorney failed to investigate the escort's motivation for testifying against him and failed to aggressively cross-examine the escort. At his post-conviction hearing, the following exchange between Thomas and his post-conviction attorney occurred:

Q. How do you think—your perceived failure of [trial counsel's] examination of [the escort], how do you think a different approach might have changed the outcome of your trial?

A. I think if he would have been aggressive, that it would have been brought out that she did have a motive.

Q. And what did you believe that motive was?

A. That she had been previously busted for prostitution and tried to make the very best deal possible to keep herself out of trouble.

Q. How did you know that she had been previously busted?

A. It was just a suspicion that I had.

The record demonstrates that Thomas's trial counsel did extensively cross-examine the escort. Thomas's brief contends that "there is a reasonable probability that the result of the trial would have been different if Mr. Thomas had been allowed to review the discovery and if there had been testimony countering Mr. Thomas's alleged motive to set the fire or further discrediting the escort." However, Thomas's allegations about the escort possibly receiving some benefit for her testimony are pure speculation. Further, there is no likelihood that such evidence would have affected the outcome of Thomas's trial, where his conviction was based on his own taped confession, not the escort's testimony. Therefore, the district court was correct in denying Thomas's claim of ineffective assistance of trial counsel based on his attorney's alleged failure to investigate the escort and failure to more aggressively cross-examine her.

■ Thomas generally argues that his trial attorney was ineffective for failing to spend more time on his case and failing to do as Thomas requested in his letters. For example, Thomas argues that his attorney was ineffective for failing to provide the discovery that Thomas requested-the taped confession Thomas made to the escort. Thomas alleges that, had this discovery been provid-

ed, the outcome of his trial may have been different. Thomas cannot demonstrate and fails to allege how spending more time on his case generally or doing specific tasks like sending him the discovery would have had led to a different outcome at trial.

■ "The constitutional requirement for effective assistance of counsel is not the key to the prison for a defendant who can dredge up a long series of examples of how the case might have been tried better." *Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992). We conclude that the district court was correct in dismissing Thomas's claim of ineffective assistance of counsel based on his attorney's failure to adequately prepare for trial because Thomas has failed to allege or demonstrate any prejudice caused by this deficiency.

### 3. Failure to investigate witnesses

■ Thomas argues that his trial attorney provided ineffective assistance by failing to investigate certain witnesses and failing to call them at trial to establish his lack of motive. Thomas also asserts that his trial attorney failed to file his "motion to dismiss or otherwise articulate the arguments contained therein."

■ In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance. *Boman v. State*, 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct.App.1996). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Id.*

In this case, Thomas testified that he believed his case would have been dismissed if trial counsel had filed his motion to dismiss because the state "could not prove motive or intent." Thomas argues that his trial counsel was ineffective for failing to investigate and possibly call various witnesses who he claims would have testified to his lack of motive to commit arson. The evidence that Thomas indicates would attest to his lack of

motive would have come from various state agencies and representatives that were providing Thomas with assistance since his release on parole. These agencies include the Idaho Parole Commission, EL ADA Weatherization, Ada County Welfare Office, Idaho Vocational Rehabilitation Department, Goodwill Easter Seals, and the Intermountain Hospital.

■ Motive is not an essential element of any crime unless it is made so by statute. *State v. Radabaugh*, 93 Idaho 727, 732, 471 P.2d 582, 587 (1970). Motive is not an element of the crime of first degree arson under which Thomas was convicted. *See* I.C. § 18–802. Therefore, Thomas's claim that his motion to dismiss would have been successful based on the state's inability to present evidence of his motive is without merit. Additionally, the state presented evidence of Thomas's renter's insurance, so there was evidence of motive.

■ To the extent that Thomas is arguing that individuals from these state agencies and rehabilitation programs could have offered testimony to counter that offered by the escort—that Thomas burned his home for insurance proceeds—his claim also fails. It is not enough to allege that a witness would have testified to certain events, or would have rebutted certain statements made at trial, without providing through affidavit, nonhearsay evidence of the substance of the witnesses' testimony. *Hall v. State*, 126 Idaho 449, 453, 885 P.2d 1165, 1169 (Ct. App.1994). Thomas does not offer affidavits from any of these witnesses regarding what they would have testified to. Instead, Thomas summarily asserts that the testimony of these witnesses would have explained that he "was recently let out on parole, and [he] had everything to gain." Without admissible evidence of what any of these witnesses would have said, Thomas's claim that his counsel was ineffective for failing to call them does not pass either prong of the *Strickland* test.

■ Even if we assume that Thomas's trial attorney failed to communicate adequately with Thomas—thereby demonstrating deficient performance in accordance with the *Strickland* test—Thomas has not demon-

strated that his attorney's failure to communicate prejudiced his case. Therefore, we affirm the district court's order dismissing Thomas's claims of ineffective assistance of counsel based on his trial attorney's failure to communicate, failure to prepare for trial, and failure to investigate witnesses.

## B. Corpus Delicti in Arson Cases

■ Thomas argues that his trial attorney was ineffective for failing to file his motion to dismiss and failing to argue that a fire is presumed accidental and that the corpus delicti rule requires that, in arson cases, there be corroborating evidence that a fire is of incendiary origin. Thomas claims it was improper for his finding of guilt to stand on his confession alone and that there was no corroborating evidence introduced at trial. Thomas asserts that, "had trial counsel articulated these principles as the basis of his objection to the introduction of Mr. Thomas's confession and his motion for acquittal, there is a reasonable probability that the district court would have granted his motion."

Additionally, Thomas argues that his appellate counsel "performed deficiently by failing to argue that the corpus delicti rule in arson cases is distinct and that there was insufficient evidence to support" his conviction. Thomas also asserts that, based on some similarities between other jurisdictions and Idaho case law on arson and corpus delicti, "there is a reasonable probability that, had appellate counsel raised these arguments on appeal, the outcome would have been different." The state contends that Thomas's claim has no merit because the argument he is suggesting appellate counsel should have made is contrary to Idaho law.

■ Corpus delicti prohibits the conviction of a criminal defendant based upon nothing more than the defendant's own confession to prove that the crime occurred. *See State v. Tiffany*, 139 Idaho 909, 912, 88 P.3d 728, 732 (2004); *State v. Roth*, 138 Idaho 820, 823, 69 P.3d 1081, 1084 (Ct.App. 2003). The purpose of corpus delicti is to prevent errors in convictions based on false confessions, to act as a safeguard against the defendant's act of confessing but being mistaken that a crime occurred, and to force the prosecution to use its best evidence. *State v.*

*Urie*, 92 Idaho 71, 76, 437 P.2d 24, 29 (1968) (McFadden, J., special concurrence).

■ To prove a crime generally, the state must provide evidence of three broad elements: (1) that an injury occurred; (2) that criminal agency was involved in causing the injury; and (3) the identity of the person who caused the injury. *See id.* at 75, 437 P.2d at 28 (special concurrence). Historically, under the standard formulations of the corpus delicti principle, the state was required to show the "body" of a crime by establishing the first two elements of a crime—the injury and the criminal agency—independently from a defendant's confession. *Id.; State v. Darrah*, 60 Idaho 479, 482, 92 P.2d 143, 144 (1939). Thus, the state could not prove its case by solely using a defendant's confession to establish that a crime occurred. *See Urie*, 92 Idaho at 73, 437 P.2d at 26; *State v. Wilson*, 51 Idaho 659, 669, 9 P.2d 497, 500–501 (1932); *State v. Keller*, 8 Idaho 699, 704–05, 70 P. 1051, 1052 (1902).

■ However, although a defendant's extrajudicial admission, standing alone, is insufficient to support a conviction, only slight corroborating evidence is necessary, and the corroborating evidence need not be sufficient to establish *each* element of the corpus delicti. *Tiffany*, 139 Idaho at 915, 88 P.3d at 734. Since the corpus delicti of a crime generally consists of injury and criminal agency, the state needs to independently corroborate only *one* of those elements to meet its burden. *See id.*

In Idaho's only case discussing the requirement of corpus delicti in the context of arson, the Idaho Supreme Court stated that "the corpus delicti in a case of arson in the second degree is established by proof that the prohibited burning occurred as a result of a criminal agency." *State v. Johnson*, 96 Idaho 727, 730, 536 P.2d 295, 298 (1975). *Johnson* did not involve a confession and proof by circumstantial evidence was deemed sufficient to affirm the defendant's conviction. *Id.* at 731, 536 P.2d at 299.

In *Tiffany*, the defendant argued that the trial court improperly denied her motion for judgment of acquittal because the state had not proved the corpus delicti for her convic-

tion of involuntary manslaughter. *Tiffany*, 139 Idaho at 912, 88 P.3d at 731. Tiffany was found guilty of involuntary manslaughter for smothering her infant son in an attempt to stop his crying. The pathologist concluded that the cause of death was Sudden Infant Death Syndrome because the autopsy did not disclose any traumatic injury, disease, or congenital abnormality and because the child was under six months of age. However, the pathologist also testified that, if Tiffany's confession was credible, then he would have concluded that the death was caused by smothering. After a discussion of the progression of corpus delicti in Idaho case law, the Idaho Supreme Court stated that the corpus delicti in an unlawful killing case requires proof that someone died and proof that the death was caused by criminal action or means of the defendant. *Id.* at 915, 88 P.3d at 734. The Court concluded that "Tiffany's extrajudicial statements that she had killed [the victim] were corroborated by the facts that [the victim] was dead, that he died while under the exclusive care of Tiffany, and that her statements about how she killed him were consistent with the autopsy results." *Id.*

Additionally, Tiffany argued that the trial court erred in failing to give two proffered jury instructions that would have required that the jury find that the victim died from criminal means without considering Tiffany's confession. The Court disagreed stating that "we have never required that the fact that a crime occurred must be proven independent of the defendant's extrajudicial statements." *Id.* at 918, 88 P.3d at 737.

Thomas asserts that his trial and appellate attorneys performed deficiently by failing to argue that the corpus delicti rule in arson cases is distinct and requires proof that the fire is of incendiary origin. Other jurisdictions have held that corpus delicti in arson cases requires a showing that the fire was of incendiary origins before admitting a confession, or in order to sustain a finding of guilt. *See, e.g., Thomas v. State,* 295 Ark. 29, 746 S.W.2d 49, 51 (1988) (holding that, in an arson case, there must be other proof that the offense was committed to corroborate a confession by the defendant); *State v. White,* 552 S.W.2d 33, 34 (Mo.Ct.App.1977) (holding that the defendant's confession was errone-

ously admitted into evidence over objection and the court erred in not sustaining the defendant's motion for judgment of acquittal where there was no evidence which tended to establish that the fire was incendiary or which corroborated the defendant's statements); *Adrian v. State,* 587 S.W.2d 733, 735 (Tex.Crim.App.1979) (holding that the state failed to prove the corpus delicti of arson in that there was no evidence to corroborate the appellant's confession establishing that the fire was caused by a criminal act).

Much like the testimony of the pathologist in *Tiffany,* in this case the fire investigator testified that, although his report concluded that the cause of the fire was undetermined, he noticed various red flags that the case had raised for him, such as Thomas's recent purchase of renter's insurance and inconsistencies between Thomas's description of his actions on the evening of the fire and the physical evidence. The fire investigator testified that Thomas's videotaped confession to the escort and description of how he started the fire was consistent with the information that the fire investigator received from the scene. Similar to the evidence in *Tiffany,* in this case there was evidence of a fire, there was evidence that the fire occurred in a period where Thomas was the sole occupant of the home, and the fire investigator testified that Thomas's confession about how he started the fire was consistent with the physical evidence. As the Supreme Court stated in Tiffany, Idaho law has never required the fact that a crime occurred be proven independently of a defendant's confession.

In addition to the testimony of the fire investigator that Thomas's confession regarding how he started the fire was consistent with the physical evidence, there was also testimony from the escort that Thomas told her about his plan to burn his home before the fire occurred. Furthermore, there was Thomas's purchase of renter's insurance approximately one month before the fire occurred, even though Thomas lived in the home three months prior to purchasing insurance. Regardless of whether we apply Idaho's current law of corpus delicti requiring slight corroboration or apply the standard from these other jurisdictions as Thomas suggests his attorneys should have

argued, we conclude that neither Thomas's motion for dismissal nor his appeal would have been successful. There was sufficient evidence to corroborate Thomas's confession in this case under either standard. Therefore, we conclude that the district court properly dismissed Thomas's post-conviction claim of ineffective assistance of trial and appellate counsel for his attorney's failure to file his motion to dismiss and failure to appeal the sufficiency of the evidence.

## IV.

## CONCLUSION

The district court correctly dismissed Thomas's post-conviction claims of ineffective assistance of counsel because Thomas failed to meet his burden of proof by demonstrating how he was prejudiced by his attorney's inaction. Additionally, the district court correctly dismissed Thomas's claim of ineffective assistance of counsel based on his corpus delicti arguments because Thomas would not have been successful on either his motion to dismiss or an appeal claiming insufficiency of the evidence. Therefore, the order of the district court dismissing Thomas's post-conviction application is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge LANSING concur.