**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41904**

| | | |
|---|---|---|
| **WILLIAM JOHN LESTER,** | ) | **2016 Unpublished Opinion No. 482** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed:  April 12, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Patrick H. Owen, District Judge.

Judgment denying petition for post-conviction relief, <u>affirmed</u>.

William John Lester, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

William John Lester appeals from the district court's judgment denying his petition for post-conviction relief.  Lester argues that the district court erred in dismissing his claims that counsel was ineffective for failing to call certain witnesses at trial.   For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

In 2008, an eight-year-old child lived with her father, but spent alternating weekends with her mother, who lived with Lester.  During one visit, Lester took the child into his bedroom, blindfolded the child, and directed her to apply lotion to Lester's genitals.  Lester was found guilty by a jury of lewd conduct with a minor under sixteen years of age.  I.C. § 18-1508.  Lester appealed and this Court affirmed in an unpublished opinion.  *State v. Lester*, Docket No. 38023

1

(Ct. App. Mar. 30, 2012). Lester filed a petition for post-conviction relief, alleging that his trial counsel was ineffective for failing to call expert and lay witnesses to present testimony regarding Lester's allergic reaction to lotions. Lester claims he has a medical condition that results in painful skin conditions when exposed to lotion, detergents or soap, which could have undermined the victim's testimony at trial. After an evidentiary hearing on the issue, the district court denied Lester's petition. Lester appeals.

## II.

## STANDARD OF REVIEW

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App.

1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

**III.**

**ANALYSIS**

**A.     Ineffective Assistance of Counsel**

The district court held an evidentiary hearing on Lester's only claim not summarily dismissed--that Lester's counsel was ineffective for failing to call Lester and other lay witnesses to testify about Lester's skin condition. At that hearing, the totality of the evidence Lester presented to the district court was Lester's testimony that he would have told the jury that he was allergic to any and all lotions. Lester did not call any other witnesses, including those who he alleged would support his claim of a severe skin condition resulting in a rash when exposed to lotions.

The state presented evidence through the testimony of several witnesses. Lester's trial counsel testified that his investigator reported that Lester may not have been allergic to some lotions and that jail records showed that Lester had eczema, but there was nothing in the records about allergies to all lotions. Trial counsel explained that, at the time he was preparing for trial, he believed Lester's claimed allergy to lotions was a "superficial defense" and decided not to move forward with eliciting testimony about his skin condition. However, Lester's trial counsel testified that, in hindsight, testimony about Lester's skin condition might have been helpful to his case. In addition, the state presented evidence though the victim's mother, who lived with Lester for two years--from approximately 2006 until 2008. The victim's mother testified that Lester did not have a skin condition and used any lotion, soap, or shampoo she bought--usually nonspecialty generic products. The victim's mother testified that she was subpoenaed and prepared to testify accordingly in Lester's trial, but was not called to testify.

Based upon the evidence admitted at the hearing, the district court explained that Lester had provided evidence that his trial counsel's decision may have resulted from inadequate preparation. The district court noted that Lester's trial counsel was aware of Lester's claim but did not begin to examine the claim critically until shortly before trial. Further, Lester's trial counsel forgot to alert the district court that Lester's skin condition may have been an important issue in the case and did not raise the issue until the day of trial. Despite the district court's

3

finding with regard to Lester's trial counsel's shortcomings, the district court concluded that the decision not to present evidence of Lester's skin condition was tactical. However, the district court explained, if counsel's failure to present evidence of Lester's skin condition was the result of a shortcoming, Lester had not met his burden of showing that the outcome of the trial would have been different. The district court explained that, had Lester testified that he was allergic to all lotions, the victim's mother's testimony would have disputed Lester's claim. In addition, the district court explained that Lester did not assert his claim to either of the two investigating officers or when he underwent a polygraph examination, which would have undermined his late assertion of the defense.

In its ruling, the district court noted that there was evidence presented of a tactical decision by counsel, as well as inadequate preparation. However, we agree with the district court's conclusion that, even if his counsel's performance was deficient, Lester failed to show a reasonable probability that testimony about his skin condition would have changed the outcome of his trial. The state had strong evidence to counter Lester's testimony. Accordingly, we cannot say that there is a reasonable probability that the outcome of Lester's trial would have been different had Lester testified at his trial.

The remaining issue is whether Lester has proven that his counsel was ineffective for failing to call Lester's doctor as a witness, a claim which was summarily dismissed by the district court. In his petition for post-conviction relief, Lester alleged that the doctor's "testimony and my corresponding medical records could have been used to refute the case presented" by the state. It is not enough to allege that a witness would have testified to certain events or would have rebutted certain statements made at trial without providing, through affidavit, nonhearsay evidence of the substance of the witnesses' testimony. *Thomas v. State*, 145 Idaho 765, 770, 185 P.3d 921, 926 (Ct. App. 2008). Lester did not provide an affidavit from the doctor and, therefore, did not meet his burden of providing evidence of the substance of the doctor's testimony at trial. Accordingly, we hold that Lester has not shown that he was prejudiced by his trial counsel's failure to call the doctor to testify at trial.

**B.      Fifth Amendment**

Lester also alleges that the district court violated his Fifth Amendment rights by inferring that his pre-arrest, post-*Miranda*[1] silence, with regard to his skin allergy, is evidence of his guilt. The Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 13 of the Idaho Constitution, guarantee a criminal defendant the right not to be compelled to testify against himself or herself. *State v. Ellington*, 151 Idaho 53, 60, 253 P.3d 727, 734 (2011). The constitutional right against self-incrimination is not absolute and applies only when the silence is used solely for the purpose of implying guilt. *Id*. at 61, 253 P.3d at 735; *State v. Moore*, 131 Idaho 814, 821, 965 P .2d 174, 181 (1998).

In the memorandum decision denying relief on Lester's petition for post-conviction relief, the district court provided the following explanation:

> Even if counsel's decision was the result of some shortcoming, to obtain post-conviction relief, Lester must demonstrate that the outcome would have been different. [The child's mother]'s testimony [that Lester did not have an allergy to lotion and that she had seen him use lotions] would have disputed Lester's claim. The State has also demonstrated that Lester failed to assert this claim when interviewed separately by two investigating officers, and failed to assert this claim when he took a polygraph examination. The court concludes that Lester has failed to meet his burden to demonstrate that there is a reasonable probability that the jury would have reached a different conclusion.

In this case, the district court did not use Lester's silence to imply guilt. Rather, the district court's comment about Lester's silence explained why Lester had not shown that he was prejudiced by his trial counsel's performance. Essentially, the district court was explaining why the jury might not have believed Lester's defense. Because the district court's comment did not imply Lester's guilt, his Fifth Amendment right against self-incrimination was not violated by the district court's comment.

## IV.

## CONCLUSION

Even if we assume, as did the district court, that counsel's decision not to call Lester or other nonexpert witnesses at trial amounted to deficient performance, Lester has not met his burden of proof as to prejudice. As to the failure to call a medical doctor as a witness, Lester has

---

[1]      *See Miranda v. Arizona*, 384 U.S. 436 (1966).

not demonstrated deficient performance by his trial counsel.  Finally, no Fifth Amendment violations have been shown.  Therefore, the district court's judgment denying Lester's petition for post-conviction relief is affirmed.  No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.