**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45525**

| | |
|---|---|
| GARY NICHOLAS BALL, | ) |
| | ) **Filed: July 11, 2019** |
| Petitioner-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy Baskin, District Judge.

Judgment and order dismissing petition for post-conviction relief, <u>affirmed</u>.

Gary Nicholas Ball, Eagle Pass, TX, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Gary Nicholas Ball appeals from the district court's final judgment in which the district court dismissed Ball's petition for post-conviction relief. Ball claims his trial counsel provided ineffective assistance, and thus, the district court erred in dismissing Ball's petition for post-conviction relief. For the reasons set forth below, we affirm the district court's final judgment and order dismissing Ball's petition for post-conviction relief.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Ball pleaded guilty to felony trafficking in heroin, Idaho Code § 37-2732B(a)(6)(B). The district court imposed a unified sentence of twenty years, with ten years determinate. Ball appealed, and this Court affirmed the sentence imposed. *State v. Ball*, Docket No. 43387 (Ct. App. Jan. 7, 2016) (unpublished).

1

Ball filed a pro se petition for post-conviction relief. In addition, Ball filed a motion for appointment of counsel, which the district court granted. The State filed an answer to Ball's petition, as well as a motion for summary disposition. Ball made no changes or amendments to his original petition. The district court held a hearing on the State's motion for summary disposition. After the hearing, the district court issued an order granting the State's motion for summary dismissal of Ball's petition for post-conviction relief. The district court also entered a judgment denying Ball's petition for post-conviction relief. Ball timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations,

2

unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Ball asserts the district court erred in dismissing his petition for post-conviction relief because Ball's trial counsel provided ineffective assistance. Ball argues his trial counsel provided ineffective assistance for two reasons.[1] First, Ball claims his trial counsel should have filed a motion to suppress and more thoroughly investigated Ball's arrest. Second, Ball contends his trial counsel pressured and coerced Ball to plead guilty.[2]

### A. Ball's Trial Counsel Was Not Required to File a Motion to Suppress or Engage in Additional Investigation Regarding the Arrest

Ball sold heroin to a confidential informant on September 9, 2014, and on October 16, 2014. An officer arrested Ball on October 22, 2014, for making the two prior sales. Ball contends he was arrested illegally because no crimes occurred in the officer's presence on October 22. According to Ball, the officer did not have probable cause to make an arrest because the officer did not witness the crimes committed on September 9 and October 16. Ball claims that, due to the illegal arrest, his trial counsel was ineffective because he should have filed a motion to suppress.

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued,

---

[1] In his petition, Ball also asserted that appellate counsel failed to raise issues that Ball asked appellate counsel to raise. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Ball does not challenge the district court's dismissal of this claim on appeal, and thus, Ball has waived any claim of error.

[2] In his reply brief, Ball argues his due process rights were violated when he was denied the right to appeal, relying on the United States Supreme Court ruling in *Garza v. Idaho*, 586 U.S. ___, 139 S. Ct. 738 (2019). Despite his plea agreement, in which Ball waived several of his constitutional rights, and the guilty plea itself, Ball contends he has the right to directly appeal any unchallenged claims pursuant to *Garza*. In *Garza*, trial counsel refused to file a notice of appeal despite the defendant's express instructions. *Garza*, 586 U.S. at ___, 139 S. Ct. at 743. The Court narrowly ruled that trial counsel must file a notice of appeal even when the defendant waives his rights to an appeal. *Id.* at ___, 139 S. Ct. at 746. The Court did not address the validity of the guilty plea as a waiver of issues. Here, Ball filed a notice of appeal, and thus, *Garza* is inapposite to this case.

would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test.[3] *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.

Ball asserts that he asked trial counsel to file a motion to suppress, but counsel refused. The failure to file the motion, according to Ball, eliminated any reasonable opportunity for a defense. Ball takes issue with the officer's affidavit, which explained there was no controlled purchase of narcotics on the day Ball was arrested. The district court addressed these claims at length. The district court concluded that Ball failed to establish any probability that a motion to suppress would have been successful, and thus, could not establish deficient performance by trial counsel. In its opinion, the district court disagreed with Ball that the arrest was illegal because no crime occurred in the officer's presence. The district court explained the officer's affidavit did not state--as Ball claimed--that Ball committed a crime in the officer's presence. Rather, the probable cause in the case arose from two prior sales that Ball made to a confidential informant. In addition, the district court determined Ball's trial counsel conceded at the hearing that under Idaho law, an officer need not be present at the commission of a felony for an officer to subsequently arrest a person for that alleged felony.

Ball has not shown error in the district court's analysis. Ball fails to address the district court's correct conclusion that information from a confidential informant is a sufficient ground for arrest. Ball also fails to account for the concession made at the hearing that an officer does not need to be present at the commission of a felony in order to have probable cause to later arrest an individual for committing that felony. On appeal, Ball repeats his earlier claims that his arrest was illegal because the officer did not have probable cause to make an arrest. However, this position fails to account for the district court's analysis, which explained why the motion to suppress would not have been granted, even if Ball's trial counsel filed the motion. Because the officer had probable cause to lawfully arrest Ball, there were no grounds upon which the district court would have granted a motion to suppress. *See* I.C. § 19-603 (2017). Thus, Ball's trial counsel was not ineffective for failing to file the motion.

Ball also suggests that his trial counsel was ineffective for failing to conduct an investigation into the arrest. Determining whether an attorney's pretrial preparation falls below a

---

[3] To prevail on an ineffective assistance of counsel claim, a petitioner must show, first, that the attorney's performance was deficient and, second, that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

5

level of reasonable performance constitutes a question of law, but is essentially premised upon the circumstances surrounding the attorney's investigation. *Thomas v. State*, 145 Idaho 765, 769, 185 P.3d 921, 925 (Ct. App. 2008). To prevail on a claim that counsel's performance was deficient, a petitioner must establish that the inadequacies complained of would have made a difference in the outcome of the trial. It is not sufficient merely to allege that counsel may have discovered a weakness in the State's case. We will not second-guess trial counsel in the particularities of trial preparation. *Id.*

Ball has not shown his trial counsel's preparation fell below a level of reasonable performance. There is no evidence in the record that demonstrates what Ball's trial counsel failed to investigate or how the lack of investigation would have changed the outcome of the trial. Without more, we cannot say trial counsel was ineffective for failing to investigate the arrest. The district court therefore did not err when it found that Ball failed to demonstrate deficient performance by his trial counsel.

## B. Trial Counsel Did Not Coerce Ball to Plead Guilty

In the order granting the State's motion for summary disposition, the district court provided several reasons why Ball's guilty plea was not coerced. First, on the guilty plea advisory form, Ball answered that he freely and voluntarily entered the plea. Second, when he was placed under oath and answered questions as to the plea at the plea hearing, Ball made no allegation that his guilty plea was involuntary. Thus, the district court found the record showed that Ball's guilty plea was knowing, voluntary, and intelligent.

On appeal, Ball argues his trial counsel pressured and coerced Ball into accepting the State's plea deal. However, Ball fails to show how the district court erred. Ball presents no evidence of coercion and offers no reason why his guilty plea was not knowing, voluntary, or intelligent. There is no evidence in the appellate record to support Ball's argument on appeal. The transcript from the plea hearing contains Ball's discussion with the judge regarding his guilty plea. While under oath, Ball admitted he filled out the guilty plea form, had no questions for trial counsel, signed the form, answered truthfully, and understood the consequences of entering the guilty plea and the terms of the plea agreement. On the guilty plea form, Ball answered that he understood that no one could force him to plead guilty and that he entered the plea freely and voluntarily. The record therefore does not support Ball's claim that he was coerced to plead guilty.

## IV.
## CONCLUSION

For the reasons set forth above, we affirm the district court's final judgment and order dismissing Ball's petition for post-conviction relief.

Chief Judge GRATTON and Judge BRAILSFORD **CONCUR**.