**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44124**

| | | |
|---|---|---|
| JAMES LOGAN BARTELL, | ) | 2017 Unpublished Opinion No. 471 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 24, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment summarily dismissing, in part, petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

James Logan Bartell appeals from the district court's judgment summarily dismissing, in part, Bartell's petition for post-conviction relief. Bartell argues the district court erred by not providing him with sufficient notice of the grounds on which it intended to dismiss his petition. Bartell also contends the district court applied an incorrect standard and relied on evidence not contained within the record in making its determination. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury convicted Bartell of two counts of lewd conduct with a child under sixteen, Idaho Code § 18-1508. Bartell is the paternal uncle of the two victims, N.B. and S.B. The district court sentenced Bartell to a unified term of twenty years with eight years determinate. Bartell

1

appealed, challenging the length of sentence and this Court affirmed. *State v. Bartell*, Docket No. 40958 (Ct. App. April 30, 2014) (unpublished).

Bartell filed a pro se petition for post-conviction relief asserting claims of ineffective assistance of counsel against various attorneys who represented him throughout the case, including pretrial counsel Cindy Campbell, trial counsel James Archibald, and appellate counsel Spencer Hahn. Relevant to this appeal, Bartell claimed Campbell was ineffective because she did not contact his parents regarding his mental health history and failed to obtain a mental health evaluation or request a competency hearing; instead, limiting her communication with him to discussions of the charges faced and the plea offer from the State. Also relevant to this appeal, Bartell alleged Archibald was deficient by failing to present evidence at trial that N.B. and S.B. were abused by their maternal grandfather and maternal uncle.[1] Finally, Bartell claimed that Hahn was ineffective for failing to challenge on appeal the denial of his motion for new trial.

The district court appointed post-conviction counsel. The State filed an answer to the petition and a motion for summary dismissal. The district court summarily dismissed the claims against Campbell, Archibald, and Hahn.[2] Bartell timely appeals.

## II.

## ANALYSIS

Bartell asserts that the district court erred in summarily dismissing certain claims contained within his petition for post-conviction relief. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a

---

[1] Bartell notes he also claimed that Archibald was deficient by: (1) failing to obtain a competency evaluation or request a competency hearing; (2) failing to consult with or hire a medical expert to challenge and rebut the State's expert's testimony; (3) presenting and then abandoning midway through the trial the defense that the allegations of abuse were connected with the victims' parents' divorce; (4) failing to present evidence that Bartell had never been alone with N.B. and S.B.; and (5) not supporting the motion for a new trial with the necessary affidavits or other evidence. However, on appeal, Bartell provides no argument or authority to support these claims. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

[2] The district court granted the State's motion with respect to attorney Jared Ricks and granted the petition with respect to attorney Stephen Hart. Those claims are not at issue on appeal.

plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary

dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## A.     Notice of Dismissal

Bartell argues that the district court erroneously dismissed his petition on grounds different than those asserted by the State in its motion to dismiss without giving him the requisite twenty days' notice and the opportunity to respond. Where the State has filed a motion for summary dismissal, but the court dismisses the petition on grounds different from those asserted in the State's motion, it does so on its own initiative and the court must provide twenty days' notice. *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). If the district court dismisses on grounds not contained in the State's motion, the petitioner has no opportunity to respond and attempt to establish a material issue of fact. *Baxter v. State*, 149 Idaho 859, 865, 243 P.3d 675, 681 (Ct. App. 2010).

The Idaho Supreme Court has held that when a district court summarily dismisses a post-conviction petition relying in part on the same grounds presented by the State in its motion for summary dismissal, the notice requirement has been met. *Kelly*, 149 Idaho at 523, 236 P.3d at 1283. Kelly argued the district court erred in dismissing his petition for post-conviction relief

because the State's motion for summary dismissal contained no notice of the grounds on which his claim was dismissed and the district court dismissed several of his claims on grounds entirely different than the grounds argued by the State. The State's motion sought dismissal on the grounds that there was no evidentiary basis to support Kelly's claims and the State supported its conclusion citing extensively from Idaho law. *Id.* at 522, 236 P.3d at 1282. The district court considered Kelly's petition under several grounds not raised by the State, but it also dismissed Kelly's claims on the ground that he did not provide facts sufficient to support his claims. On appeal, the Idaho Supreme Court held that Kelly was afforded sufficient notice because, when a trial court summarily dismisses a petition for post-conviction relief based in part on the arguments presented by the State, the notice requirements of I.C. § 19-4906(b) are satisfied. *Kelly*, 149 Idaho at 523, 236 P.3d at 1283.

The State based its motion for summary dismissal on Bartell's failure to satisfy the prongs of the Strickland[3] standard requiring petitioner to show that the attorney's performance was deficient and the petitioner was prejudiced by the deficiency, and failure to provide sufficient and admissible evidence for each ineffective assistance of counsel claim. Thus, the State's motion did advise Bartell of the deficiencies he needed to cure to avoid dismissal.[4] Moreover, in granting, in part, the State's motion to summarily dismiss Bartell's petition for post-conviction relief, the district court found that Bartell had failed to establish a prima facie case of ineffective assistance of counsel and failed to support his claims with admissible evidence. Because the district court granted, in part, the State's motion to summarily dismiss on grounds asserted by the State in its motion, the court was not required to provide twenty days' notice of its intent to dismiss Bartell's petition for post-conviction relief. Therefore, Bartell's argument that he did not receive the requisite notice fails.

---

[3]     *Strickland v. Washington*, 466 U.S. 668 (1984).

[4]     As to Bartell's claim of ineffective assistance of appellate counsel, the State argued specifically that the district court did not have jurisdiction to review the claim. The district court correctly disagreed. However, the State generally asserted that Bartell's claims were conclusory and not supported by sufficient evidence in the record to show that counsel's efforts were outside the realm of reasonableness. The district court held that while it had jurisdiction, Bartell had failed to provide evidence or authority that appellate counsel acted outside the realm of an objective standard of reasonableness by not appealing the order denying new trial. Thus, the court based its decision, in part, on arguments raised by the State.

5

**B.      Ineffective Assistance of Counsel**

As to specific claims, Bartell argues that he received ineffective assistance of counsel due to pretrial counsel's failure to investigate Bartell's mental health history and to ask for a competency hearing. He further alleges ineffective assistance in trial counsel's failure to introduce evidence that the victims were previously abused by their maternal grandfather and maternal uncle.[5] A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Determining whether an attorney's pretrial preparation falls below a level of reasonable performance constitutes a question of law, but is essentially premised upon the circumstances surrounding the attorney's investigation. *Thomas v. State*, 145 Idaho 765, 769, 185 P.3d 921, 925 (Ct. App. 2008). To prevail on a claim that counsel's performance was deficient for failing to interview witnesses, a petitioner must establish that the inadequacies complained of would have made a difference in the outcome of trial. *Id.* It is not sufficient merely to allege that counsel may have discovered a weakness in the State's case. *Id.* We will not second-guess trial counsel in the particularities of trial preparation. *Id.*

---

[5]      Bartell does not present a substantive argument as to the merits of his claim against appellate counsel Hahn's failure to appeal the denial of Bartell's motion for new trial.

### 1. Pretrial counsel

Campbell represented Bartell for two months after he was initially charged in this case. Bartell alleged that Campbell failed to discover Bartell's mental health history or to request a mental health evaluation and instead, limited her representation to discussions of the charges faced and the plea offer from the State. Bartell stated that he has been diagnosed with mild retardation, severe depression, bipolar disorder, and anxiety and that he was placed on disability when he was sixteen years old for these conditions. Specifically, Bartell claimed that Campbell should have contacted his parents who would have informed her of his mental illness and disability. The district court found that Bartell demonstrated, throughout the trial process, that he had been able to aid in his defense. The district court also stated Bartell's conduct and communications did not show that he did not understand the charges against him. On appeal, Bartell argues that the district court did not look to what Campbell knew at the time she represented Bartell; rather, the court looked to events that occurred after Campbell's representation to determine if she acted reasonably. Bartell avers that this was application of an improper standard and is a reversible error.

In support of his contention that "counsel is not objectively reasonable in limiting consultation with the client to simply an explanation of the pending charges and discussion of a plea offer," Bartell cites to *Bouchillon v. Collins*, 907 F.2d 589 (5th Cir. 1990) and *Becton v. Barnett*, 920 F.2d 1190 (4th Cir. 1990). In *Bouchillon*, defendant's counsel did not deny that he was aware of Bouchillon's mental problems and that Bouchillon had been institutionalized and was on medication. *Bouchillon*, 907 F.2d at 596. Bouchillon's counsel also knew that Bouchillon wanted to assert an insanity defense. *Id*. Likewise, in *Becton*, the defendant was diagnosed before trial with schizophrenia and following trial was admitted to the prison mental ward. Becton alleged he had duly "informed counsel before trial that he had been in and out of mental hospitals prior to his arrest." *Becton*, 920 F.2d at 1191. Further, Becton contended that he had requested an evaluation to determine if he was competent to stand trial. *Id*.

The case at bar is distinguishable from the facts of both *Bouchillon* and *Becton*. Neither Bartell's petition nor the supporting affidavits allege that Bartell showed any signs or symptoms of being mentally ill or incompetent during the time Campbell represented him. Nor do they allege that Bartell ever informed Campbell of his mental health history. There is nothing in the record to demonstrate why Campbell should have known about Bartell's mental health history,

7

nor is there evidence that Bartell would have been found incompetent had a competency evaluation been performed. The district court found that "none of Bartell's attorneys," which would have included Campbell, requested any sort of mental evaluation. Regardless of the district court's determination as to Bartell's competency, the record supports the district court's finding that Campbell's failure to discover Bartell's mental health history, or to request a mental health evaluation, does not fall below an objective standard of reasonableness. Bartell has failed to demonstrate that Campbell knew or should have known of his mental health issues. Therefore, Campbell's decision not to investigate said issues was objectively reasonable. Because we hold Bartell failed to show that Campbell provided deficient representation, we need not address whether Bartell suffered prejudice.

## 2. Trial counsel

Bartell argues that the district court erred in dismissing the ineffective assistance of counsel claim against trial counsel Archibald. The district court found that there was no deficient performance because counsel could not have presented evidence of abuse by the victims' maternal grandfather and maternal uncle pursuant to Idaho Rules of Evidence 403 and 412. The district court further found that counsel's actions were not prejudicial because "[a] defendant has no right to present irrelevant evidence" and "[h]ad he attempted to submit such evidence at trial, this Court would not have allowed it because it was not relevant."

Bartell contends that two exceptions to I.R.E. 412's exclusion of evidence of prior sexual conduct apply in this case: 412(b)(2)(A) and 412(b)(1). Bartell additionally asserts that if Archibald had presented the evidence, it would have been admitted pursuant to his Sixth Amendment right to present a complete defense. The decision whether to admit evidence at trial is generally within the province of the trial court. A trial court's determination that evidence is supported by a proper foundation is reviewed for an abuse of discretion. *State v. Gilpin*, 132 Idaho 643, 646, 977 P.2d 905, 908 (Ct. App. 1999). Therefore, a trial court's determination as to the admission of evidence at trial will only be reversed where there has been an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973-74, 829 P.2d 861, 863-64 (1992).

Where a defendant has been charged with a sex crime, alleged evidence of the victim's past sexual behavior is generally inadmissible. Idaho Rule of Evidence 412 states, in pertinent part:

(b) Notwithstanding any other provision of law, in a criminal case in which a person is accused of a sex crime, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence other than reputation or opinion evidence is--

> (1) admitted in accordance with subdivisions (c)(1) and (c)(2) and is constitutionally required to be admitted; or
>
> (2) admitted in accordance with subdivision (c) and is evidence of--
>
> > (A) past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury . . . .

Subdivision (c) of Rule 412 sets forth certain notice requirements that must be met by a party requesting to admit evidence of an alleged victim's past sexual behavior. Additionally, subdivision (c)(3) provides that if the evidence is relevant and the probative value of such evidence outweighs the danger of unfair prejudice, such evidence shall be admissible at trial.

This Court has recognized that a defendant's constitutional right to present a defense may be limited by Rule 412 because "[a] defendant has no right to present irrelevant evidence and even if evidence is relevant, it may be excluded in certain cases." *State v. Self*, 139 Idaho 718, 722, 85 P.3d 1117, 1121 (Ct. App. 2003). As a result, "admission of evidence of an alleged victim's past sexual behavior is constitutionally required only in extraordinary circumstances." *State v. Ozuna*, 155 Idaho 697, 702, 316 P.3d 109, 114 (Ct. App. 2013).

This Court has set forth a two-part inquiry to determine whether a defendant's Sixth Amendment rights were violated. *See State v. Peite*, 122 Idaho 809, 814, 839 P.2d 1223, 1228 (Ct. App. 1992). First, the trial court must consider whether the evidence proffered is relevant. If it is not relevant, the defendant has no constitutional right to present it. If the evidence is relevant, the trial court must ask whether other legitimate interests outweigh the defendant's interest in presenting the evidence. Because the trial courts have such broad discretion to determine whether prejudicial effect or other concerns outweigh the probative value of the evidence, a defendant's Sixth Amendment right will only be violated if this Court concludes that the trial court abused its discretion. *Id.* at 815, 839 P.2d at 1229.

Here, the district court ruled that the alleged prior-abuse evidence was inadmissible and therefore found that Archibald was objectively reasonable in not attempting to admit it. We agree. The facts presented at trial were that Bartell sexually assaulted N.B. when she was seven years old and sexually assaulted S.B. when she was five years old. N.B. testified that on multiple occasions Bartell put his finger inside her "pee-pee," which she identified as her vaginal area.

9

S.B. testified that Bartell touched her on her "square," which she identified as her vaginal area. The victims both testified that the abuse occurred at the home of Bartell's parents. Bartell was the only person whom the victims identified as touching their vaginal areas.

By contrast, the alleged abuse concerned distinguishable facts. Bartell supplied affidavits from his parents and brother (the victims' father) alleging that when N.B. was three years old, her maternal grandfather had sexually abused her by coercing her to perform oral sex acts on him. There was no allegation that the maternal grandfather, or any other individual, touched N.B.'s vaginal area. These affidavits also stated that when S.B. was three years old, S.B.'s mother told Bartell's parents that S.B. had told her that her maternal uncle had touched S.B. However, the nature of this alleged touching was never clarified. Bartell's father conceded that S.B. "did not personally report this abuse by her [maternal uncle] to me and my wife." Moreover, the prior assaults would have predated the abuse for which Bartell was charged by approximately four years for N.B. and two years for S.B.

Bartell asserts that the district court erred in finding that counsel could not present evidence of abuse by other relatives in light of the State's reliance on testimony regarding the physical condition of N.B from a physician who examined her following the assault. The doctor testified that N.B. had an "annular-appearing hymen that seems that the opening is enlarged. No bruising. No lesions. No discharge. The vaginal introitus is mildly erythematous." The doctor further testified that an enlarged opening is potentially consistent with abuse and that the redness was possibly caused by abuse. The State relied upon this testimony in its closing. Given this testimony and argument, Bartell avers that he should have been allowed to present evidence that abuse by the victims' maternal relatives could have been the source of the injury, citing to *United States v. Begay*, 937 F.2d 515 (10th Cir. 1991) and *LaJoie v. Thompson*, 217 F.3d 663 (9th Cir. 2000).

In *Begay*, the charges were based on a single incident of aggravated sexual assault. *Begay*, 937 F.2d at 518. The examination of the victim "revealed an 'unusually' large hymenal opening and a 'streaky area that . . . [the doctor who examined the victim] considered to be an abrasion of some sort.'" *Id.* at 518-19. Further, the doctor testified "that it was impossible to determine from the physical examination alone whether [the victim's] symptoms were caused by Begay or during earlier incidents" with a different individual. *Id.* at 519. Begay sought to admit

10

evidence of a prior assault pursuant to Federal Rule of Evidence 412, but the district court denied the motion and excluded it. *Begay*, 937 F.2d at 519. On appeal, Begay argued that

> since the prosecution relied heavily on [the doctor's] testimony about [the victim's] enlarged hymenal opening and also evidence of an area considered to be an abrasion, the right to defend by cross-examination showing that the conditions could have resulted from earlier conduct with another person was crucial and protected by the Rule.

*Id*. at 520. The appellate court agreed, finding that the evidence was relevant because the prior assault evidence could consistently explain the victim's injuries. *See id*. at 521.

In *LaJoie*, the defendant was convicted of rape, sodomy, and sexual abuse of a minor child, and argued that evidence of the victim's past sexual abuse should not have been excluded per Oregon's Rule of Evidence 412. *LaJoie*, 217 F.3d at 665. There, the excluded evidence would have showed another individual had been convicted of raping and sexually abusing the victim. *Id*. at 666. The *LaJoie* court found that excluding the prior abuse evidence violated the defendant's constitutional right to present a defense because "some of the evidence was relevant to provide an alternate explanation of the medical evidence and therefore fit within one of the exceptions to the general prohibition of sexual behavior evidence." *Id*. at 671. The *LaJoie* court found that the evidence was highly probative and not unduly prejudicial, because it could have allowed the jury to determine that the victim's injuries might not have been caused by the defendant. *Id*. at 673.

These cases are unpersuasive. Here, the medical examination of N.B's pelvic area showed attributes which the examining doctor testified could have been caused by physical abuse. However, the evidence alleging prior abuse which Bartell sought to admit never alleged that N.B.'s maternal grandfather touched or penetrated her vagina. Unlike the prior abuse in *Begay* and *LaJoie*, the alleged prior abuse here was not relevant to the examining doctor's testimony because it could not have been an alternate source of N.B.'s injury. Likewise, while Bartell's father reported hearing that S.B. was touched by her maternal uncle, the affidavit does not show the unspecified touching of S.B. was similar to the abuse at issue. Finally, the alleged prior abuse of N.B. and S.B. occurred years before the conduct which led to the instant offense.

Based on the victims' testimony, the evidence pertaining to alleged prior abuse would have been inadmissible at trial because it was irrelevant to the injuries caused by the instant offense, was unverified hearsay, and was alleged to have happened years before the incident at issue. Consequently, the Rule 412 exception did not apply to the evidence, as nothing in the

record supports the contention that the alleged prior abuse could have been the cause of the injuries. Bartell has failed to demonstrate that the evidence of alleged prior abuse was relevant and admissible. Therefore, Archibald's decision not to introduce the evidence was objectively reasonable.

Finally, Bartell argues that the district court erred in dismissing the ineffective assistance of counsel claim against Archibald because it relied, in part, on evidence not contained in the record. With respect to whether counsel was ineffective for failing to introduce evidence under I.R.E. 412, as discussed above, the district court found that Archibald knew that the evidence was inadmissible. The district court further stated that Archibald was employing a tactic to place doubt in the jurors' minds without soliciting improper evidence. Finally, the district court observed that Archibald "is well-seasoned as a trial attorney and very capable of evaluating a potential witness in a short period of time." Bartell avers that the record is devoid as to counsel's conclusions about the admissibility of evidence, his employment of any specific tactic or his "well-seasoned" status, and witness evaluation capabilities.

There is "a strong presumption 'that counsel made all significant decisions in the exercise of reasonable professional judgment.'" *State v. Abdullah*, 158 Idaho 386, 418, 348 P.3d 1, 33 (2015) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011)). We have already determined that the evidence of prior abuse Bartell maintains should have been introduced was irrelevant and inadmissible and, thus, Archibald's decision not to introduce it was objectively reasonable. Because we hold that Bartell failed to show that Archibald provided deficient representation, we need not address whether Bartell suffered prejudice.

### III.
### CONCLUSION

For the reasons set forth above, we affirm the district court's judgment summarily dismissing, in part, Bartell's petition for post-conviction relief.

Judge MELANSON and Judge HUSKEY **CONCUR**.