# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49951

| | |
|---|---|
| MICHAEL THERON HAYES, | ) |
| | ) Filed: June 28, 2023 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Order striking exhibits and portions of the affidavit, <u>affirmed</u>; judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Ferguson Durham, PLLC; Craig H. Durham, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Michael Theron Hayes was convicted of battery on a correctional officer. Hayes filed a petition for post-conviction relief claiming prosecutorial misconduct and ineffective assistance of trial counsel for failing to provide evidence and call witnesses to establish that there was blood in his urine. The State filed a motion to strike exhibits and portions of Hayes' affidavit. The district court partially granted the State's motion to strike and ultimately granted the State's motion for summary dismissal. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Hayes was charged with battery on a correctional officer. Idaho Code § 18-915. During the jury trial, three correctional officers testified that during an infraction hearing Hayes became aggressive and non-compliant, kicking one of the officers in the shin and grabbing another officer's groin. Hayes testified he was the victim of the altercation, he had been battered by the correctional

1

officers without provocation, and he did not batter the correctional officers in return. Hayes testified he sustained injuries to his back, shoulder, wrists, and hip area, causing him to urinate blood for over a month. He also testified he provided urine samples containing blood for analysis. Nurse Rich, a registered nurse contracted to work at the prison, testified he examined Hayes within a half hour of the altercation and was unable to see or feel any injury on Hayes' back, but noticed slight lacerations on Hayes' wrists from the handcuffs he wore during the infraction hearing. The nurse testified that he never conducted an analysis of Hayes' urine.

Hayes filed a request for subpoenas for two witnesses, Dr. Dawson and Nurse Kaae, to provide testimony that Hayes was injured by the correctional officers' use of force, specifically that there was blood in Hayes' urine following the altercation. The district court denied the request for subpoenas, finding the testimony would not be relevant to the question of whether Hayes committed battery upon the two correctional officers and that his motion was untimely. The jury convicted Hayes of one count of battery, the battery committed by kicking an officer's shin. The Idaho Supreme Court affirmed the judgment of conviction. *State v. Hayes*, 166 Idaho 646, 652, 462 P.3d 1110, 1116 (2020).

Hayes filed a pro se petition for post-conviction relief claiming prosecutorial misconduct and ineffective assistance of trial counsel. Hayes claimed his attorney was ineffective for not introducing accurate and corroborating medical evidence related to Hayes' injuries, particularly that there was blood in his urine following the altercation. Hayes also claimed the prosecuting attorney committed misconduct when she presented Nurse Rich's inaccurate testimony at trial because the prosecuting attorney was aware that the medical evidence supported Hayes' claims. Hayes attached numerous exhibits to his petition. Hayes filed a separate affidavit in support of his petition. The district court appointed counsel to represent Hayes. The State filed an answer, motion for summary disposition, and an objection and motion to strike exhibits and portions of Hayes' affidavit. The district court granted, in part, the State's motion to strike and granted the State's motion for summary disposition. The district court concluded Hayes had not alleged or supported a prima facie case of either prosecutorial misconduct or ineffective assistance of counsel. Hayes timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

3

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

Hayes argues the district court erred by striking portions of his affidavit and exhibits. Hayes contends he established a genuine issue of material fact related to his claims of prosecutorial misconduct and ineffective assistance of trial counsel, and the district court erred by summarily dismissing his petition.

#### A. Striking Exhibits

Hayes asserts the district court erred in striking several exhibits that were attached to his petition: (1) a lab report purporting to show Hayes had blood in his urine; (2) a letter that tended

to show that trial counsel had Hayes' medical records before trial; and (3) Hayes' calendar that indicated when he had been treated medically after the altercation. Hayes claims the rules of evidence are relaxed in a post-conviction case because the legislature intended the Uniform Post-Conviction Procedure Act (UPCPA) to be a simple, inexpensive, and speedy procedure that allows district courts to do substantial justice. Hayes concedes appellate courts have interpreted I.C. § 19-4903 as placing a burden on petitioners to support their claims with admissible evidence but maintains the term "admissible" should be construed in light of the flexible structure and purpose of the UPCPA. Hayes argues if the evidence supporting the petition could be presented in an admissible form at an evidentiary hearing, the district court should consider it when deciding whether a disputed issue of fact remains to be tried. Hayes relies on I.C. § 19-4906 to support his assertion that the UPCPA instructs district courts when assessing whether to summarily dismiss a petition to take account of substance, regardless of defects of form.[1] Hayes contends the district court departed from this intent and imposed an overly formalistic interpretation to strike various exhibits. The State reasons this argument fails because "[t]he applicant for post-conviction relief is required to make a prima facie case by presenting admissible evidence on each essential element of his or her claims." *DeRushe*, 146 Idaho at 601, 200 P.3d at 1150. We agree. Hayes is required to provide admissible evidence in support of his petition. The district court correctly made this determination before considering the State's motion for summary dismissal.

Alternatively, Hayes argues the exhibits were admissible. An affidavit used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. I.R.C.P. 56(c)(4). A trial court has broad discretion, within the bounds set by the Idaho Rules of Evidence, with respect to questions regarding the admissibility of evidence. *State v. Watkins*, 148 Idaho 418, 421, 224 P.3d 485, 488 (2009). A trial court's determination that evidence is supported by a proper foundation is reviewed for an abuse of discretion. *State v. Gilpin*, 132 Idaho 643, 646, 977 P.2d 905, 908 (Ct. App. 1999). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such

---

[1]    Hayes confuses this proposition. A trial court should consider form over substance when construing the intent and assertion of claims in a petition for post-conviction relief. As to evidence to support such broadly construed claims, it must be admissible.

discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. I.R.E. 801(c); *State v. Gomez*, 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct. App. 1994). Hearsay is inadmissible unless otherwise provided by an exception in the Idaho Rules of Evidence or other rules of the Idaho Supreme Court. I.R.E. 802. A trial court's conclusion that an out-of-court statement qualifies as hearsay under I.R.E. 801(c), when offered or admitted for the truth of the matter asserted, is reviewed de novo. *State v. Roman-Lopez*, 171 Idaho 585, 591-92, 524 P.3d 864, 870-71 (2023). If, however, an out-of-court statement is offered or admitted for a purpose other than its truth, then the trial court's decision whether to admit the statement is reviewed for an abuse of discretion. *Id.*

Hayes argues the district court erred in striking the lab report because it was not hearsay and it should be admissible under the hearsay exception for medical or dental tests and test results that are offered for diagnostic or treatment purposes, under I.R.E. 803(23).[2] Hayes contends the district court incorrectly found Hayes did not authenticate the lab report. Hayes maintains the document was self-authenticating so long as it identified the person or entity who conducted or interpreted the test, the name of the patient, the date of the test, and the opposing side was given notice. The district court determined that the document did not have distinctive characteristics and found there is no evidence of who took the sample, who ran the test, and who prepared the

---

[2]    Idaho Rule of Evidence 803(23) reads:

> Medical or Dental Tests and Test Results for Diagnostic or Treatment Purposes. A written, graphic, numerical, symbolic or pictorial representation of the results of a medical or dental test performed for purposes of diagnosis or treatment for which foundation has been established pursuant to Rule 904, unless the opponent shows that the sources of information or other circumstances indicate a lack of trustworthiness. This exception shall not apply to:
> (a) psychological tests;
> (b) reports generated pursuant to I.R.C.P. 35(a);
> (c) medical or dental tests performed in anticipation of or for purposes of litigation; or
> (d) public records specifically excluded from the Rule 803(8) exception to the hearsay rule.

document. The district court found Hayes cannot provide personal knowledge or foundation as to these facts. Further, the district court concluded the lab test is not a business, certified, or public record, and does not meet the hearsay exception for statements made for medical diagnosis or treatment, thus there is no indication that the exhibit carries the requisite trustworthiness for admissibility. The district court also found the lab report is not relevant because absent expert testimony explaining what the test result shows, the document does not suggest or show that Hayes was beaten by correctional officers and sustained injuries that caused him to urinate blood twenty days after the altercation. We agree. The lab report does not fall under a hearsay exception, and it is being offered to prove the truth of the matter asserted, that Hayes had blood in his urine. Even if the lab report did fall under I.R.E. 803(23), Hayes has failed to establish a foundation to prove the trustworthiness of this document. Further, Hayes has not provided testimony explaining what is shown by the test results or its relation to his claims.

Hayes asserts the district court erred in striking the letter from the legal assistant at the Idaho Department of Correction to Hayes stating that the assistant received his disclosure form and his trial counsel was sent a copy of his relevant medical records. Hayes concedes this was hearsay. However, Hayes maintains the court erred in not considering this letter under the substance over form rule and that the court should have granted an evidentiary hearing where he could subpoena testimony on whether counsel received these records. The district court found that Hayes could testify about receiving the letter but the statements within the letter are hearsay. We agree. It is not enough to allege that a witness would have testified to certain events, or would have rebutted certain statements made at trial without providing, through affidavit, nonhearsay evidence of the substance of the witness's testimony. *Thomas v. State*, 145 Idaho 765, 770, 185 P.3d 921, 926 (Ct. App. 2008). Here, Hayes has provided hearsay evidence because it is being offered to prove that his trial counsel received a copy of his medical records to support Hayes' claim of ineffective assistance of trial counsel. Hayes has provided only hearsay evidence to show how his trial counsel or the custodian of the Idaho Department of Correction records would testify. Further, as discussed above, a petition must be supported by admissible evidence and Hayes incorrectly relies upon the substance over form rule. Thus, the district court correctly struck the letter.

Hayes asserts the district court erred in excluding the pages from his medical calendar as self-serving and conclusory and not based on personal knowledge. Hayes maintains he sent these

7

documents to the State in response to a request for discovery while he was representing himself. He claims the calendar was his own creation and based on his personal knowledge. Hayes argues that whether this was self-serving and conclusory goes to the weight to be given those exhibits, not their admissibility. Hayes avers "[t]he State was free to suggest at an evidentiary hearing that Hayes lied about when he created the exhibit or something along those lines. But that is not a reason to exclude it from considering whether to grant summary disposition." The district court found that the medical calendar plainly appears to have been created by Hayes, but he failed to set forth any personal knowledge as to the creation and makes bare and conclusory claims that the calendar definitively shows the dates of the five urinalysis tests. The district court determined the medical calendar only shows Hayes' belief as to when certain events took place, and absent corroborating evidence, it is not trustworthy or demonstrative that the listed events even occurred. The district court concluded that if Hayes provided foundation for the calendar, it is still not relevant and carries little probative value. We agree. The district court did not err in determining that Hayes could not provide foundation for the medical calendar. Further, the medical calendar does not clearly support Hayes' claims because Hayes has not provided corroborating evidence to show the urinalysis tests occurred or what their results were. As a result, the district court correctly struck the exhibit.

B. **Striking Paragraphs in Affidavit**

The district court struck the reference to the lab urinalysis test report from paragraph 6 which stated there was a moderate amount of blood in Hayes' urine. Hayes contends that the district court erred for the same reason that the court erred in excluding the lab report as an exhibit. Hayes argues this is his testimony and it is based on his personal knowledge about whether there was blood in his urine and how many urinalysis tests he took. As noted, the district court correctly found that the lab report is inadmissible because it is hearsay, fails to meet a hearsay exception, is not relevant, and Hayes failed to lay a proper foundation. For the same reasons the district court struck the exhibit, the district court correctly struck Hayes' interpretation of the exhibit from his affidavit.

The district court struck paragraph 8 in which Hayes states that the prosecutor's office had the relevant medical calendars and had full and complete knowledge of the five urinalysis tests. Hayes argues the district court erred because this paragraph is simply based on Hayes' personal knowledge that he provided the prosecuting attorney's office with that information and the

8

allegation of the prosecutor's full knowledge is an inference. The district court found Hayes can testify he sent the calendars, but his statement that the prosecuting attorney had full and complete knowledge is speculative, conclusory, and lacks personal knowledge. We agree. Hayes does not have personal knowledge of what information the prosecuting attorney had, but merely speculates as to what information could have been gained from the medical calendars Hayes provided.

The district court struck paragraphs 18 and 19 in which Hayes states his trial counsel told him he disclosed Hayes' medical records to the prosecuting attorney and he would send Hayes copies of the records. Hayes insists these statements were offered at least in part not for their truth but as probative of whether trial counsel had the records. Hayes argues whether trial counsel did or did not send the records to the prosecuting attorney would be immaterial. The district court determined these statements were inadmissible hearsay. We agree. The district court did not err in determining these statements were inadmissible and were being offered for the truth of the matter asserted, either trial counsel had the records as relevant to Hayes' claim of ineffective assistance of trial counsel or to Hayes' claim that the prosecuting attorney had knowledge of the blood in Hayes' urine.

## C.    Ineffective Assistance of Trial Counsel

A claim of ineffective assistance of counsel may properly be brought under the UPCPA. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient, and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Hayes asserts the district court erred in summarily dismissing his claim of ineffective assistance of trial counsel because Hayes alleged sufficient facts to have an opportunity to prove his claim at an evidentiary hearing. While he was representing himself, Hayes filed a motion seeking leave to subpoena both Dr. Dawson and Nurse Kaae. He stated Dr. Dawson ordered four different urinalysis tests of his urine because there was so much blood. He claimed Dr. Dawson also ordered an ultrasound to rule out the blood being caused by another reason. Hayes also claimed Nurse Kaae would testify that he saw blood in Hayes' urine. This motion was denied by the district court concluding the proposed evidence was irrelevant and the motion was untimely. The Idaho Supreme Court affirmed finding that the motion was untimely, but did not reach the issue of whether this evidence would have been relevant. *Hayes*, 166 Idaho at 652, 462 P.3d at 1116. Once appointed, trial counsel did not subpoena these witnesses against Hayes' request. Hayes claims this evidence was relevant and trial counsel was ineffective in failing to develop the medical evidence to support Hayes' defense. Hayes further asserts it was objectively unreasonable for counsel to subpoena his medical records but never use them or attempt to develop other medical evidence. Hayes asserts any reasonable defense attorney facing these allegations, who knew that the medical records existed and that associated testimony would support his client's defense, would present the evidence at trial. Hayes insists there cannot be any reasonable strategic basis for counsel's failure because this evidence would be consistent with the defense that trial counsel pursued. Hayes contends he was prejudiced by this failure because the case was a "he said, she said" type case and the jury, which acquitted him of one count of battery, would have taken little to be swayed on the other count. Hayes argues there is at least a reasonable probability that, but for counsel's errors, the result of the trial would have been different.

The district court found Hayes did not support his theory of being the victim of a battery by law enforcement with more than bare and conclusory claims. We agree. While the testimony of Dr. Dawson and Nurse Kaae may have been relevant at trial, Hayes failed to provide affidavits in this post-conviction case from either Dr. Dawson or Nurse Kaae, or any witness stating that they would testify that Hayes had urine tests, there was blood in his urine, and he was a victim of battery. It is not enough to allege that a witness would have testified to certain events, or would have rebutted certain statements made at trial without providing, through affidavit, nonhearsay evidence of the substance of the witness's testimony. *Thomas*, 145 Idaho at 770, 185 P.3d at 926. Trial counsel's choice of witnesses falls within the area of tactical, or strategic, decisions, as does

10

counsel's presentation of medical evidence. *Giles v. State*, 125 Idaho 921, 924, 877 P.2d 365, 368 (1994). Here, counsel's choice of witnesses is not based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. As a result, the district court did not err in summarily dismissing Hayes' claim of ineffective assistance of counsel.

## D.    Prosecutorial Misconduct

In order to present a prima facie case of prosecutorial misconduct by the presentation of false evidence and establish a *Napue*[3] violation a defendant must show: (1) the testimony was false; (2) the prosecutor should have known it was false; and (3) the testimony was material. *State v. Lankford*, 162 Idaho 477, 503, 399 P.3d 804, 830 (2017). Testimony is material when there is any reasonable likelihood that the false testimony could have affected the jury's judgment. *Id.*

Hayes asserts the district court erred by summarily dismissing his claim of prosecutorial misconduct because he demonstrated a reasonable likelihood that Nurse Rich's testimony could have affected the jury's verdict. Hayes maintains the record shows that the prosecutor knew prison medical professionals had found blood in Hayes' urine, yet the prosecutor chose to present Nurse Rich's false testimony to give the opposite impression to the jury. Hayes contends he repeatedly alleged and supported with records that urinalysis tests were completed and that blood was found. Hayes claims he disclosed his medical calendar which showed various times of urinalysis and other tests, including notes of when blood was found in his urine. Hayes asserts trial counsel also sent his medical records to the prosecuting attorney. Hayes insists any reasonable prosecutor would investigate the basis for a claim that a defendant was battered by officers, including seeking medical records to confirm or dispel this theory.

The testimony presented by Nurse Rich, the State's witness, was that he was working at the prison for a health care contractor the day of the battery and his duties included dispensing medications and responding to medical emergencies to assess a patient and determine if a doctor was needed. He conducted a medical assessment on Hayes following the battery and did not see any redness, bruising, or sensitivity to touch. He testified he did not personally take a urine sample and he knew of no test where blood was found. On cross-examination, he testified that he did not conduct a urinalysis test and did not remember hearing of one being done.

---

3       *Napue v. Illinois*, 360 U.S. 264 (1959).

The district court found that Hayes failed to submit any evidence showing Nurse Rich's testimony was false or misleading. The district court further found that even if the testimony was somehow false, Hayes failed to demonstrate that any alleged perjury affected the outcome of the trial. The district court determined Hayes was not able to show the prosecutor knowingly elicited testimony that was inaccurate and misleading.

As set forth above, Hayes only relies on inadmissible evidence to support his argument. Nurse Rich's testimony establishes what he observed when assessing Hayes directly following the altercation. Hayes' trial counsel clarified Nurse Rich's testimony on cross-examination to show that he did not know definitively whether urine samples were taken or blood was found. While the testimony of this witness may have been material, Hayes has not established that the testimony was false or that the prosecuting attorney had reason to believe it was false. We affirm the district court's summary dismissal of Hayes' prosecutorial misconduct claim.

## IV.

## CONCLUSION

The district court did not err in striking the paragraphs from Hayes' affidavit or the exhibits. The district court did not err in summarily dismissing Hayes' petition for post-conviction relief. As a result, we affirm the district court's judgment summarily dismissing Hayes' petition for post-conviction relief.

Judge HUSKEY and Judge Pro Tem MELANSON **CONCUR**.